IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RYAN PATRICK JOHNSON | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:13cv66 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ryan Patrick Johnson, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for murder.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied. Docket No. 25.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. Docket No. 27. The court must therefore conduct a *de novo* review of the objections in light of the record and the applicable law.

Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner is not entitled to federal habeas relief unless the adjudication of his claim in the state courts: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1)–(2). Under the "contrary to" clause, a federal court may only grant relief if the state courts reached an opposite result from the Supreme Court on a set of materially indistinguishable facts or arrived at a conclusion opposite to that reached by the Supreme Court on a question of law. *Simmons v. Epps*, 654 F.3d 526, 534 (5th Cir. 2011) (citing

*Williams v.Taylor*, 529 U.S. 362, 405 (2000)).  Under the "unreasonable application" clause, habeas relief may be granted if the state court correctly identified a legal principle from the Supreme Court's jurisprudence, but misapplied the principle to the facts.  *Id*.  (citing *Williams*, 529 U.S. at 407).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially high threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurist could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Accordingly, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id* at 103.

In summary, in order to be entitled to relief in this proceeding, petitioner must demonstrate with respect to a question of law that the determination by the state courts was contrary to, or involved an unreasonable application of, clearly established federal law.  With respect to a question of fact, petitioner must establish that the state courts' determination was based on an unreasonable determination of the facts in light of the evidence presented in the state courts.

## Grounds for Review

Petitioner asserted the following grounds for review: (1) the jury was permitted to serve without being sworn; (2) counsel was ineffective for failing to: (a) object to hearsay testimony from Tracy Dixon; (b) impeach testimony from Investigator McCarver; (c) object to the prosecution's failure to correct perjured testimony; (d) impeach the testimony of JeCarlos Hawkins; (e) object to hearsay testimony by Mr. Hawkins; and (f) impeach the testimony of Brittany Robinson; and (3) the prosecution improperly: (a) failed to correct perjured testimony from Aman Gray; (b) failed to correct perjured testimony from Mr. Hawkins and (c) failed to disclose exculpatory evidence.

Analysis

**Ground for Review 1**

In his first ground for review, petitioner asserted the trial court erred by permitting members of the jury to serve without being properly sworn. The Magistrate Judge concluded this review was without merit because the transcript and a supplemental transcript demonstrated the jury was properly sworn. The Magistrate Judge further concluded this ground for review did not provide a basis for relief because it was based on a violation of state law, not the Constitution.

Petitioner did not object to the Magistrate Judge's conclusion with respect to this ground for review. Accordingly, this point does not provide petitioner with a basis for relief.

**Ground for Review 2(a)**

In ground for review 2(a), petitioner asserted counsel should have objected to hearsay testimony provided by Tracy Dixon, the victim's mother. He complained of testimony regarding statements made to Ms. Dixon by her son regarding the relationship between her son and petitioner. The testimony indicated the victim believed the relationship was close and had lasted for five years.

In her Report and Recommendation, the Magistrate Judge referenced an affidavit from defense counsel in which counsel stated that petitioner's trial strategy was to demonstrate the victim was obsessed with petitioner and had stalked and harassed him for a period of years. Counsel stated Ms. Dixon's testimony showed the victim was fixated on petitioner and potentially dangerous. As a result, her testimony supported the defense's theory that petitioner shot the victim in self-defense. Counsel stated he did not object to Ms. Dixon's testimony because it demonstrated the "stark contrast" between how petitioner viewed the relationship and how the victim viewed it. The Magistrate Judge concluded this was a reasoned trial strategy that was entitled to deference under the applicable law.

In his objections, petitioner states Ms. Dixon's testimony concerning statements made to her by her son demonstrated petitioner and the victim were in a long-term relationship, in contrast to

3

petitioner's own testimony. He asserts this testimony was harmful and that counsel should have objected to it.

The Court agrees with the Magistrate Judge's conclusion. Ms. Dixon's testimony was used by the defense to show that the victim had a delusional belief that he and petitioner were in a long-term relationship, a delusion that led the victim to stalk petitioner and led petitioner to believe the victim was dangerous. The testimony was used by the defense to show that while the victim and petitioner were not in a long-term relationship, the victim believed they were. This would have supported the theory of self-defense.

As the Magistrate Judge pointed out, strategic decisions by counsel are to be reviewed under a "double deferential" standard. *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013). With this standard in mind, the Court is unable to conclude that counsel's failure to object to Ms. Dixon's testimony fell below an objective standard of reasonableness.[1]

***Ground for Review 2(b)***

In ground for review 2(b), petitioner asserted counsel was ineffective for failing to impeach testimony from Investigator McCarver. A videotape was played for the jury of Investigator McCarver's interview of petitioner. On direct examination, Investigator McCarver testified that during the interview, petitioner expressed no remorse for the victim and was only remorseful on his own behalf. He also stated that petitioner was crying for himself rather than for the victim. However, during cross-examination, the investigator acknowledged that he was speculating as to whom petitioner was crying for and that his statement as to petitioner's lack of remorse for the victim was based in part on speculation. Petitioner states counsel should have used the investigator's inconsistent statements to impeach him.

---

[1] To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability the result of the proceeding would have been different without counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

The Magistrate Judge concluded this ground for review was without merit because counsel did impeach Investigator McCarver's direct examination testimony by having him admit that certain of his conclusions were largely the result of speculation.

In his objections, petitioner does not address the Magistrate Judge's conclusion that counsel did impeach Investigator McCarver's testimony. Instead, he appears to argue it was important to impeach this testimony because that would have permitted the impeachment of the testimony of another witness, Aman Gray.

Counsel's cross-examination of Investigator McCarver resulted in a softening of the investigator's testimony on direct examination. Testimony that appeared to be factual statements regarding petitioner's demeanor and behavior on direct examination could be characterized as no more than opinion and speculation after cross-examination. Counsel's cross-examination of Investigator McCarver therefore did not fall below an objective standard of reasonableness and did not cause petitioner to suffer prejudice.

***Ground for Review 2(c)***

In ground for review 2(c), petitioner argued that counsel should have objected to the failure by the prosecution to correct perjured testimony from Mr. Gray. He also stated counsel should have used the discovery process to obtain a prior statement by Mr. Gray.

Prior to trial, Mr. Gray stated during an interview with Investigator McCarver that he only knew the victim because he worked with the victim's sister. He also stated he had never been in the victim's car and that the victim had never been in his. Later in the interview, however, Mr. Gray stated the victim had performed oral sex on him and that he had been in the victim's car to retrieve something for his sister.

In contrast, at trial, Mr. Gray testified on direct examination that he was not really familiar with the victim. He also stated that the victim had called him after obtaining his number from his sister, not because he had given the victim the number. He further stated that he had never been with the victim.

Petitioner asserted that based on Mr. Gray's statements during the interview, the prosecution should have known he was committing perjury and attempted to correct him. He states counsel was ineffective because counsel did not object to the prosecution's failure to do so.

The Magistrate Judge found that counsel had filed a motion for discovery that was granted by the court. She also concluded that the lack of an objection to the prosecution's failure to correct the testimony did not prejudice petitioner. She stated Mr. Gray's testimony at trial that the victim was a dangerous individual who made unwanted advances towards straight men was more beneficial to petitioner's self-defense theory than the statements he made during the interview. As a result, petitioner was not harmed because the prosecution did not attempt to correct Mr. Gray's testimony.

In his objections, petitioner states that if counsel was not at fault for failing to seek discovery, the prosecution was at fault for not disclosing exculpatory evidence in the form of Mr. Gray's statements during his interview. He also states that the Magistrate Judge did not use case law to support her conclusion that petitioner did not suffer prejudice because counsel did not object.

The prosecution is required by the Constitution to turn over evidence that is favorable to a defendant and material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This includes evidence that could be used to impeach a witness. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

As the Magistrate Judge stated, petitioner's attorney provided an affidavit stating his belief that the prosecution provided him with every statement and report the prosecution had. In addition, before trial began, the attorney stated the prosecution had completely complied with discovery. The Magistrate Judge concluded that as there was no evidence that the prosecution did not provide petitioner's attorney with a copy of Mr. Gray's statement, the state courts' rejection of this ground for review was not improper. The Court agrees. There is simply no indication in the record that the prosecution withheld any *Brady* material, including the prior statement of Mr. Gray.

With respect to petitioner's assertion that the Magistrate Judge did not support her conclusion regarding a lack of prejudice with citations to case law, the Court finds that the Magistrate Judge's

6

conclusion was based on her analysis of the record and supported by quotations from the trial transcript. In light of the nature of this ground for review, no citations to case law were required to analyze the claim.

***Ground for Review 2(d)***

In this ground for review, petitioner objected to counsel's failure to impeach the testimony of JeCarlos Hawkins, a witness for the prosecution. Prior to trial, Mr. Hawkins provided Investigator McCarver with a statement indicting he had personal knowledge that the victim was seeing Mr. Gray. At trial, however, Mr. Hawkins denied having personal knowledge that the victim and Mr. Gray were involved in a sexual relationship.

Petitioner asserted counsel should have used the discovery process to obtain the pretrial statement and used the statement to impeach Mr. Hawkins's testimony. He stated it was important to impeach this testimony because Mr. Hawkins testified that while he and the victim were going through the drive-thru line at a fast food restaurant, the victim pointed out petitioner, who was working in the restaurant. Petitioner argues this testimony was used to prove he was in an intimate relationship with the victim, which was contrary to the theory of his defense.

As described above, the Magistrate Judge found counsel had filed a motion for discovery that was granted by the court. In addition, the Magistrate Judge concluded petitioner did not suffer prejudice because Mr. Hawkins's testimony was not impeached. She stated that as petitioner testified he and the victim knew each other, Mr. Hawkins's testimony that the victim recognized petitioner on sight was neither surprising nor harmful to petitioner's case.

Petitioner makes no specific objections to the Magistrate Judge's analysis of this ground for review. Instead, he asserts he has established by clear and convincing evidence that his claim is meritorious. The Court disagrees. As described above, counsel utilized the discovery process by filing a motion for discovery that the trial court granted. Moreover, the testimony petitioner asserts should have been impeached was consistent with petitioner's own testimony. As a result, the Court is unable to conclude petitioner suffered prejudice because Mr. Hawkins's testimony was not impeached.

7

*Ground for Review 2(e)*

As described above, Mr. Hawkins testified the victim pointed out petitioner when the victim and Mr. Hawkins were going through a drive-thru line. Petitioner argued counsel should have objected to this testimony as inadmissible hearsay.

As also described above, the Magistrate Judge found that the statement petitioner believes counsel should have objected to was consistent with petitioner's own testimony and not harmful to his case. Accordingly, the Magistrate Judge concluded petitioner did not suffer prejudice because counsel did not make the objection he describes.

In his objections, petitioner states he has successfully argued this claim by clear and convincing evidence. This assertion is incorrect. The testimony petitioner believes was inadmissible hearsay was consistent with petitioner's acknowledgment during his own testimony that he and the victim knew each other. As a result, petitioner suffered no prejudice as a result of counsel's failure to object to Mr. Hawkins's testimony.

*Ground for Review 2(f)*

The victim's sister, Brittany Robinson, testified at trial that petitioner and the victim were romantically involved. On cross-examination, however, she testified that she had never seen her brother and petitioner involved in a sexual act. Petitioner asserted counsel was ineffective for failing to use Ms. Robinson's testimony to impeach her.

The Magistrate Judge found counsel did impeach Ms. Robinson's testimony by having her admit she had no direct knowledge that the victim and petitioner were romantically involved. She concluded this admission weakened Ms. Robinson's direct examination testimony by making it appear to have been based on delusional statements by the victim rather than her personal observations. Accordingly, the Magistrate Judge concluded counsel's cross-examination of Ms. Robinson did not fall below an objective standard of reasonableness.

Petitioner makes no specific objection to the Magistrate Judge's analysis of this ground for review. The Court agrees with the analysis. Counsel's cross-examination of Ms. Robinson weakened the impact of her direct examination testimony by calling into question the factual basis of her testimony. Counsel's cross-examination of Ms. Robinson therefore did not fall below an objective standard of reasonableness.

***Ground for Review 3(a)***

Petitioner states that the prosecution should have realized Mr. Gray's testimony constituted perjury and taken steps to correct it.

The Magistrate Judge concluded petitioner had failed to demonstrate that Mr. Gray's testimony was either false or material.[2] She concluded the inconsistencies between Mr. Gray's pretrial statements and trial testimony were insufficient to demonstrate Mr. Gray committed perjury while testifying.[3] She further concluded that the allegedly perjurious statements by Mr. Gray were not material because Mr. Gray's trial testimony was more beneficial to petitioner's case than his pretrial statements.

Petitioner makes no specific objection to the Magistrate Judge's conclusions. After considering the record, the Court agrees with the conclusions. The inconsistencies between Mr. Gray's trial testimony and his pretrial statements do not demonstrate Mr. Gray committed perjury. Further, Mr. Gray testified that the victim made unwanted advances towards Mr. Gray and became threatening, actions consistent with petitioner's testimony concerning his own interactions with the victim. This testimony was beneficial to petitioner's assertion that he acted in self-defense. In contrast, Mr. Gray's pretrial statement that he and the victim were in a voluntary relationship did not

---

[2] To demonstrate a prosecutor deprived a defendant of due process by knowingly using perjured testimony at trial, a defendant must show: (1) the testimony was actually false; (2) the prosecutor knew it was false; and (3) the testimony was material in the sense that there is a reasonable likelihood that the allegedly false testimony affected the jury's verdict. *Fuller v. Johnson*, 114 F.3d 491, 496 (5th Cir. 1997).

[3] Inconsistencies within a witness's testimony and conflicts between reports, written statements and the trial testimony of prosecution witnesses do not establish perjury. *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).

9

support petitioner's theory of the case. As Mr. Gray's allegedly perjurious testimony was not harmful to petitioner, the testimony was not material.

***Ground for Review 3(b)***

Petitioner also asserted that the prosecution improperly allowed Mr. Hawkins to commit perjury without attempting to correct his testimony.

Like the testimony of Mr. Gray, the Magistrate Judge concluded that the testimony of Mr. Hawkins was neither false nor material. She found that the inconsistencies between Mr. Hawkins's pretrial statement and his trial testimony to be insufficient to establish Mr. Hawkins committed perjury. She further found, for the reasons explained above, that Mr. Hawkins's testimony was not damaging to petitioner.

No specific objection was made with respect to this ground for review. The conclusion that Mr. Hawkins's testimony did not constitute perjury is supported by the record. Moreover, as the testimony that the victim could identify petitioner on sight was consistent with petitioner's own testimony, the testimony was not material.

***Ground for Review 3(c)***

In his final ground for review, petitioner asserts that the prosecution failed to disclose Investigator McCarver's report and Mr. Hawkins's pretrial statement, thereby preventing him from being aware of exculpatory evidence.

Relying on statements by counsel during trial and an affidavit he submitted in connection with petitioner's state habeas proceeding, the Magistrate Judge concluded petitioner had submitted no evidence indicating the prosecution failed to disclose the evidence he described.

Petitioner asserts that he has established by clear and convincing evidence that this claim is meritorious. The Court disagrees. As described in the Report and Recommendation, counsel stated during trial that the prosecution had completely complied with its discovery obligations and had provided him with supplemental reports. In his affidavit, counsel stated he was not aware of any information that was not provided to him by the prosecution and believed the prosecution had provided him with all materials it knew about. In light of these statements,

10

the Court is unable to conclude the prosecution failed to disclose the evidence described by petitioner.

***Conclusion***

In order to be entitled to relief in this proceeding, petitioner must demonstrate that the conclusion of the state court regarding his grounds for review: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. As a result, his petition will be denied.

<u>ORDER</u>

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding the issuance of a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000). Petitioner has not shown that the issue of whether his claims are meritorious is subject to

11

debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 8th day of September, 2016.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE